IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHRIS WALTERS,<br><br>Plaintiff,<br><br>vs.<br><br>PRESIDENT DONALD TRUMP,<br><br>Defendant. | CV 17-83-M-DLC-JCL<br><br>ORDER, and FINDINGS<br>AND RECOMMENDATION |

**I.** **Introduction**

Plaintiff Chris Walters, appearing pro se, has filed a document titled "Amicus Curiae Brief on Constitutionality of Social Security Act, Medicaid, and Federal Budget 2018" – a document which the Court liberally construes as a complaint. And Walters moves for leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).

A court can grant an individual leave to proceed in forma pauperis if the individual sufficiently establishes via affidavit that he cannot pay court costs without hindering his ability to provide the necessities of life for himself. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Because Walters has made the requisite showing, his motion for leave to proceed in forma pauperis

1

is properly granted. IT IS SO ORDERED.

At this juncture, the Court is obligated to examine Walters' complaint to determine whether the Court possesses jurisdiction over the subject matter of the claims advanced by Walters' complaint. *See Collins v. U.S. Citizenship and Immigration Services*, 820 F.3d 1096, 1099 (9th Cir. 2016) (recognizing the court has an independent obligation to determine whether subject matter jurisdiction exists).

For the reasons discussed below, it is recommended that this action be dismissed for lack of subject matter jurisdiction.

## **II.** **Analysis**

Invoking federal question jurisdiction under 28 U.S.C. § 1331, Walters asserts two purported federal claims, naming as defendant President Donald Trump. (Doc. 2.)

In support of his first claim, Walters asserts the "Federal Budget for 2018" as apparently proposed by the President calls for "cuts in Social Security Disability, Medicaid [and] Medicare." (Doc. 2 at 1-2.)[1] From this anticipatory concern, Walters asks the Court to consider whether any proposed reduction in

---

[1] Because Walters is proceeding pro se his pleadings are construed liberally, being held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

benefits already awarded under these programs to individuals through administrative or judicial proceedings would violate the separation of powers embodied in Article I-III of the United States Constitution. (Doc. 2 at 2.) Although not expressly asserted in his complaint, it is assumed for purposes of analysis that Walters is currently receiving benefits under at least one of the referenced programs.

As to his second claim for relief, Walters implicitly asks the Court to declare that the authority to administer the three referenced programs be placed in the hands of a "special master" to assure that the benefits currently being enjoyed by beneficiaries under the programs will not be diminished by anticipatory budget cuts. (Doc. 2 at 2.)

The threshold question to be answered is whether Walters' complaint presents a case or controversy as required to establish jurisdiction under Article III of the United States Constitution. The case or controversy requirement is designed to "limit the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). "Justiciability is the term of art employed to give expression to this dual limitation placed upon federal courts by the case-and-controversy doctrine." *Id*. No

justiciable controversy exists when the particular case at hand is simply asking for an advisory opinion. *Id*. (citations omitted). "For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (quoting *United Public Workers of American (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947)). Ultimately, the question to be asked in a particular case "is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy an[d] reality to warrant the issuance of a declaratory judgment." *Id*. at 959-60 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

For obvious reasons, Walters' claims fail to present a justiciable controversy. His claims are based upon potential future events which may or may not happen, and thus lack the requisite immediacy and reality necessary to invoke federal jurisdiction.

Based on the foregoing, IT IS RECOMMENDED that this action be dismissed for lack of jurisdiction. IT IS FURTHER RECOMMENDED that Walters' two pending motions for summary judgment be denied as MOOT.

DATED this 23rd day of August, 2017.

                                            /s/ Jeremiah C. Lynch
                                            Jeremiah C. Lynch
                                            United States Magistrate Judge